IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stephen A. Moakley, III,         :
             Petitioner      :
                                  :
       v.                 :   No.  19 C.D. 2022
                                    :
Vogel Holding, Inc. (Workers'    :   Submitted:  December 4, 2023
Compensation Appeal Board),     :
             Respondent    :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE LORI A. DUMAS, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                   FILED: January 16, 2024

Stephen A. Moakley, III (Claimant) seeks review of the December 20, 2021 Opinion and Order of the Workers' Compensation Appeal Board (Board) affirming the May 26, 2021 Decision and Order of the Workers' Compensation Judge (WCJ) that denied his Petition to Review Compensation Benefits (Review Petition) and modified his benefits from total to partial disability. For the reasons that follow, we affirm.

## I. Background

Claimant sustained a work-related injury on May 31, 2018, while he was employed as a refuse worker for Vogel Holding Inc. (Employer) and was struck by a vehicle traveling 45 miles per hour. Employer accepted the injury by a Notice of Compensation Payable (NCP) that described Claimant's injuries as a left ankle

fracture, right clavicle fracture, left humerus fracture, and multiple rib fractures. Employer thereafter paid Claimant Total Temporary Disability (TTD) benefit payments related to these injuries. (Reproduced Record (R.R.) at 62a.)

On July 17, 2020, Employer filed a Petition for Physical Exam, asking that Claimant attend an Impairment Rating Evaluation (IRE) pursuant to Section 306(a.3) of the Workers' Compensation Act (Act).[1] Claimant, through counsel, objected to the evaluation on the basis that his May 2018 injury predated the effective date of Act 111 (October 24, 2018) and that its retroactive application to this case is unconstitutional. WCJ Anne Crilley denied Claimant's objection, and in accordance with her order, Claimant attended an IRE on September 16, 2020 conducted by Jeffrey Moldovan, M.D., that assigned him an impairment rating of 18%. The following day, Employer filed a Notice of Change of Workers' Compensation Disability Status (Change Notice) modifying Claimant's benefits to partial disability effective November 16, 2020. (R.R. at 28a.) Claimant filed the Review Petition, again challenging the applicability of Act 111 to his case given that his injury pre-dated the effective date of the statute.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710. Former Section 306(a.2) was added by the Act of June 24, 1996, P.L. 350 and was repealed by the Act of October 24, 2018, P.L. 714 No. 111 (Act 111), 77 P.S. § 511.3. Act 111 reenacted the IRE provisions contained in former Section 306(a.2) of the Act, which our Supreme Court invalidated as an unconstitutional delegation of legislative authority in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017). Section 306(a.3) of the Act provides that a claimant who has received total disability benefits for 104 weeks must submit to an IRE conducted pursuant to the Sixth Edition (second printing April 2009) of the American Medical Association's Guides to the Evaluation of Permanent Impairment, which calculates a claimant's degree of impairment due to a compensable injury. If a claimant's whole-body impairment (WBI) rating is less than 35%, the claimant shall receive partial disability benefits pursuant to Section 306(b) of the Act, for a maximum period of 500 weeks. 77 P.S. § 511.3 (1), (2), (7).

In a May 26, 2021 decision, WCJ Alfred Benedict (WCJ Benedict) denied Claimant's petition and affirmed the November 16, 2020 effective date for the change in his benefit status from TTD to partial on the basis of the September 2020 IRE. Claimant appealed WCJ Benedict's decision to the Board, arguing that the provisions of Act 111, which went into effect five months after his injury, could not be validly applied to change his disability status from TTD to partial based on the results of the IRE. The Board affirmed WCJ Benedict's decision on December 20, 2021. (R.R. at 68a-69a.) This appeal followed.

## II. Analysis[2]

On appeal, Claimant argues that Act 111, which prescribes the IRE process, cannot be applied retroactively to employees such as himself who sustained work-related injuries prior to the October 2018 effective date of the statutory provision. He contends that allowing retroactive application of Act 111 to limit his entitlement to total disability benefits deprives him of the vested property interest he has in those benefits, thereby violating his due process rights and the Remedies Clause of the Pennsylvania Constitution.[3] (Claimant's Brief, at 4, 8-9.) We disagree, as our cases clearly indicate to the contrary.

---

[2] Our standard of review is limited to determining whether the findings of fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Phoenixville Hospital v. Workers' Compensation Appeal Board (Shoap)*, 81 A.3d 830, 838 (Pa. 2013).

[3] The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that no state may "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The Remedies Clause of the Pennsylvania Constitution provides in relevant part: "[a]ll courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial, or delay." Pa. Const. art. I, § 11.

3

In *Gonzalez v. Guizzetti Farms, Inc. (Workers' Compensation Appeal Board)*, 297 A.3d 854, 856-57 (Pa. Cmwlth. 2023), *appeal denied* (Pa. No. 252 MAL 2023, filed October 12, 2023), the claimant sustained a work-related injury on February 12, 2006. The employer accepted the injury via an NCP, and the claimant received total disability benefits. On March 20, 2020 the employer filed a petition to modify the claimant's benefits from total disability to partial based on a December 2019 IRE assigning him a whole-body impairment (WBI) rating of 29%. The claimant raised constitutional challenges to the retroactive application of Act 111 before the WCJ and the Board, both of which rejected his argument that the provisions could not be applied retroactively.

On appeal to this Court, the claimant argued "that Act 111 cannot be applied retroactively to injuries sustained prior to Act 111's October 24, 2018 effective date[.]" *Id.* at 858. We disagreed, relying on the plain language of the statute indicating an intent to apply to claimants injured prior to Act 111's effective date and this Court's previous decisions. We explained in pertinent part:

> Section 3(1) of Act 111 provides that, for purposes of calculating whether a claimant has received 104 weeks of total disability benefits and must submit to an IRE under Section 306(a.3) of the Act, an employer "**shall be given credit** for weeks of total disability compensation paid **prior to**" Act 111's effective date, which is October 24, 2018. 77 P.S. § 511.3, Historical and Statutory Notes (emphasis added). Section 3(2) of Act 111 provides that, for purposes of determining the total number of weeks of partial disability to which a claimant is entitled, an employer "**shall be given credit** for weeks of partial disability compensation paid **prior to**" Act 111's effective date. *Id.*
>
> . . . .
>
> Although [the c]laimant is correct that statutes are to be given prospective effect only, except where the statute includes

4

clear language to the contrary, the argument he presents to this Court ignores the express language in Section 3 that provides credit "**shall be given**" for weeks of partial and total disability compensation paid to a claimant **prior to** Act 111's effective date. 77 P.S. § 511.3, Historical and Statutory Notes (emphasis added).

**Furthermore, our courts have consistently held that Act 111 applies retroactively with respect to the calculation of a claimant's weeks of total and partial disability paid prior to the effective date of Act 111**. This Court cannot ignore the express legislative intent in Section 3 based on the argument [the c]laimant presents, which has been rejected previously by this Court. *See Bundschuh v. Gwynedd Veterinary [Hospital], Inc. (Workers' [Compensation Appeal [Board])* (Pa. Cmwlth., No. 556 C.D. 2021, filed April 11, 2022) (retroactive provision in Section 3 of Act 111 not required to follow suggested in Section 15.71(b) of the [Legislative Drafting] Manual).

*Id.* at 858-59 (emphasis added; footnotes omitted). Thus, we determined that Act 111 retroactively applies to adjustments in a claimant's disability status, irrespective of the date of work-related injury.

Additionally, with respect to Claimant's specific argument that application of Act 111 deprives him of a "vested right," we have rejected this contention in the context of constitutional challenges to the Act. In *Pierson v. Workers' Compensation Appeal Board (Consol Pennsylvania Coal Company LLC)*, 252 A.3d 1169 (Pa. Cmwlth. 2021), *appeal denied*, 261 A.3d 378 (Pa. 2021), we addressed the claimant's argument that he had a right to benefits as calculated at the time of his August 2014 injury, rather than in accordance with Act 111's IRE mechanism. We explained that although "a claimant retains a certain right to benefits until such time as he is found to be ineligible for them," there are "reasonable expectations under the Act that benefits

5

may change." *Id.* at 1179. We stated that claimants "**did not automatically lose anything by the enactment of Act 111**. Act 111 simply provided employers with the means to change a claimant's disability status from total to partial by providing the requisite medical evidence that the claimant has a whole[-]body impairment of less than 35%, after receiving 104 weeks of TTD benefits." *Id.* (emphasis added). Accordingly, we held that "[the c]laimant's 'vested rights' have not been abrogated by Act 111." *Id.* at 1180.

As it is clear from controlling caselaw and contrary to Claimant's contention, we have squarely concluded that application of Act 111's IRE procedure for determining a claimant's change in disability status is not constitutionally defective under circumstances where, as here, the claimant's work-related injury predates the effective date of the statute. As noted, the provision did not automatically deprive Claimant of a vested right, but simply delineated the procedure by which Employer could change his disability status based on medical evidence assessing the degree of impairment caused by his work-related injury. Therefore, the Board properly affirmed WCJ Benedict's decision denying Claimant's Review Petition.

Accordingly, the Order of the Board is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stephen A. Moakley, III,           :
            Petitioner          :
                                   :
       v.                        :   No.   19 C.D. 2022
                                     :
Vogel Holding, Inc. (Workers'        :
Compensation Appeal Board),         :
          Respondent       :

## ***ORDER***

AND NOW, this 16th day of January, 2024, the December 20, 2021 Opinion and Order of the Workers' Compensation Appeal Board is hereby AFFIRMED.

 

_____

PATRICIA A. McCULLOUGH, Judge